

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00181-CV

Robert **CORLEY**,
Appellant

v.

Timothy **CORLEY**, Jason Corley and Century Oaks Land LLC,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI02547
Honorable Norma Gonzales, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: June 30, 2021

PETITION FOR PERMISSIVE APPEAL DENIED; DISMISSED FOR WANT OF JURISDICTION

Appellant, Robert Corley, has filed a petition for permissive appeal, seeking to challenge an interlocutory order denying his partial motion for summary judgment and granting a motion of summary judgment in favor of appellees, Timothy Corley, Jason Corley, and Century Oaks Land LLC.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion"

and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see also* TEX. R. APP. P. 28.3.

Having fully considered appellant's petition, we deny the petition for permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3(e)(4); *see also Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019) ("Texas courts of appeals have discretion to accept or deny permissive interlocutory appeals . . . .").[1]  Accordingly, we dismiss this appeal for lack of jurisdiction. *See Durairaj v. Durairaj*, No. 04-19-00271-CV, 2019 WL 3937275, at *1 (Tex. App.—San Antonio Aug. 21, 2019, no pet.) (mem. op.) (per curiam) (denying a petition for permissive appeal and dismissing the appeal for lack of jurisdiction).

PER CURIAM

---

[1] We recognize that the denial of a petition for permissive appeal does not prevent the Texas Supreme Court from reaching the merits of the underlying interlocutory order. *See Sabre Travel Int'l*, 567 S.W.3d at 733 ("If the trial court concludes that the threshold requirements are satisfied and certifies the interlocutory order according to section 51.014(d), it 'permits an appeal' from the order, and [the Texas Supreme] Court's jurisdiction is then proper under section 22.225(d) regardless of how the court of appeals exercises its discretion over the permissive appeal.").